Matter of Perez (Columbus Mgt. Sys., Inc.--Commissioner of Labor) (2022 NY Slip Op 07108)

Matter of Perez (Columbus Mgt. Sys., Inc.--Commissioner of Labor)

2022 NY Slip Op 07108

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

533931
[*1]In the Matter of the Claim of Rodrigo S. Perez, Respondent. Columbus Management Systems, Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date:November 18, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Peter Fidopiastis, Glens Falls, for appellant.
David E. Woodin, Catskill, for Rodrigo S. Perez, respondent.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.

Fisher, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed February 26, 2021, which, upon resettlement, ruled, among other things, that Columbus Management Systems, Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Columbus Management Systems, Inc. (hereinafter CMS) is a logistics company that brokers delivery services for clients in the financial, pharmaceutical and food industries. Claimant provided delivery services through CMS to one of its clients from 2015 through 2018 and, thereafter, applied for unemployment insurance benefits. The Department of Labor initially ruled that claimant was an employee of CMS for unemployment insurance purposes and that CMS was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. CMS appealed and, following a hearing, the Administrative Law Judge, in two decisions, sustained CMS's objection, found claimant was an independent contractor and overruled the initial determination. Upon administrative appeal, the Unemployment Insurance Appeal Board, in two decisions filed February 26, 2021, reversed the ALJ's decisions and ruled, among other things, that CMS was liable for additional unemployment insurance contributions on remuneration paid to claimant and those similarly situated, as employees. CMS appeals.
We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Legros [Northeast Logistics, Inc.-Commissioner of Labor], 205 AD3d 1245, 1246 [3d Dept 2022] [internal quotation marks and citations omitted]). "Substantial evidence is a minimal standard requiring less than a preponderance of the evidence. As such, if the evidence reasonably supports the Board's choice, we may not interpose our judgment to reach a contrary conclusion" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 136-137 [2020] [internal quotation marks, citations and brackets omitted]; accord Matter of Relay Express Inc. [Commissioner of Labor], 204 AD3d 1265, 1266 [3d Dept 2022]; Matter of Quesada [Columbus Mgt. Sys., Inc.-Commissioner of Labor], 198 AD3d 1036, 1036-1037 [3d Dept 2021]).
The record reflects that CMS engaged in a screening process and that claimant was required to provide a copy of his driver's license, vehicle registration and insurance, as well as submit to a background check performed by a third-party administrator. CMS required claimant to install an application on his cell phone in order to deliver payroll checks and provided instructions on how to access and use the application, which was used to scan [*2]and track the deliveries. CMS provided a shirt and badge, both with CMS's logo, that claimant could wear while making the deliveries. CMS negotiated the rates charged to the clients for deliveries and arranged delivery times with the client, which, generally, were next-day delivery. Evidence in the record established that CMS set the pay rate for claimant's deliveries, instructed claimant regarding certain conduct and directed claimant regarding compliance with rules relating to the deliveries. CMS would handle complaints from clients about deliveries when necessary. Although claimant — when determined to be at fault — could be charged no more than $100 for lost or damaged parcels, CMS bore responsibility to the client for any lost or damaged parcels.
In view of the foregoing, we are unpersuaded that CMS exercised only incidental control over claimant and those similarly situated. Despite that there is some evidence in the record that could support a contrary conclusion, there is substantial evidence in the record that nevertheless supports the Board's finding that CMS exercised sufficient supervision, direction and control over claimant to establish an employment relationship (see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 140; Matter of Quesada [Columbus Mgt. Sys., Inc.-Commissioner of Labor], 198 AD3d at 1037; compare Matter of Jennings [American Delivery Solution, Inc.-Commissioner of Labor], 125 AD3d 1152, 1153 [3d Dept 2015]).
To the extent that CMS asserts that the Board erred in holding that an employment relationship applies to all other delivery drivers similarly situated, we find such contention to be without merit (see Matter of Tassie [Koyote Capital Group LLC-Commissioner of Labor], 204 AD3d 1276, 1278 [3d Dept 2022]; Matter of Quesada [Columbus Mgt. Sys., Inc.-Commissioner of Labor], 198 AD3d at 1037-1038).
Egan Jr., J.P., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the decisions are affirmed, without costs.