Matter of McIntyre (Northeast Logistics, Inc.) (2023 NY Slip Op 00465)

Matter of McIntyre (Northeast Logistics, Inc.)

2023 NY Slip Op 00465

Decided on February 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 2, 2023

532506
[*1]In the Matter of the Claim of Talita McIntyre, Respondent. Northeast Logistics, Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date:December 15, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Dorf & Nelson LLP, Rye (David S. Warner of counsel), for appellant.
Catherine A. Barber, Guilderland, for Talita McIntyre, respondent.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for Commissioner of Labor, respondent.

Aarons, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed May 27, 2020, which ruled that Northeast Logistics, Inc. is liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Northeast Logistics, Inc. (hereinafter NEL) is a business logistics company that, as relevant here, acts as a broker between delivery drivers and clients seeking to have products transported from one location to another. Claimant entered into an agreement with NEL as a delivery driver and was directed to deliver auto parts for one of NEL's clients. After this relationship ended, claimant applied for unemployment insurance benefits. The Department of Labor issued an initial determination finding that claimant was an employee of NEL and that NEL was liable for unemployment insurance contributions based on remuneration paid to claimant and other similarly situated delivery drivers. NEL objected and, following a hearing, an Administrative Law Judge sustained the Department's determination. The Unemployment Insurance Appeal Board affirmed. These appeals ensued.
"Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Fiorelli [Stallion Express, LLC—Commissioner of Labor], 201 AD3d 1045, 1046 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Vega [Postmates Inc.—Commissioner of Labor], 35 NY3d 131, 136 [2020]). "Substantial evidence is a minimal standard requiring less than a preponderance of the evidence. As such, if the evidence reasonably supports the Board's choice, we may not interpose our judgment to reach a contrary conclusion" (Matter of Vega [Postmates Inc.—Commissioner of Labor], 35 NY3d at 136-137 [internal quotation marks, brackets and citations omitted]; accord Matter of Sow [NY Minute Messenger, Inc.—Commissioner of Labor], 201 AD3d 1064, 1065 [3d Dept 2022]).
The record reflects that, after claimant applied to be a delivery driver, NEL conducted a screening process that included a verification of claimant's driver's license, a Department of Motor Vehicles background check and proof by claimant of relevant insurance coverage. Thereafter, NEL and claimant executed a written "Owner Operator Agreement," wherein claimant was required, among other things, to provide a safe vehicle, maintain relevant licenses and insurance and to provide NEL with invoices for completed client engagements in order to be paid. Claimant and NEL negotiated a set rate of pay and claimant was responsible for all expenses, including the cost of fuel and equipment, but NEL provided that claimant's pay could be increased during times of high fuel prices by way of a fuel [*2]surcharge. Claimant was required to pay an administrative fee to NEL for each day of provided services. Claimant could refuse any assignment and could subcontract out an accepted assignment. If an accepted assignment could not be completed, claimant was required to notify NEL, and it was then NEL that provided another delivery driver. NEL also provided claimant with the client's address and the time that claimant was to report there. Any complaints made to NEL's client regarding claimant were forwarded to NEL, which NEL handled.
It is true that claimant bears some similarities to the claimant in Matter of Pasini (Northeast Logistics, Inc.—Commissioner of Labor) (204 AD3d 1187 [3d Dept 2022]). The facts here, however, are more in line with Matter of Legros (Northeast Logistics, Inc.—Commissioner of Labor) (205 AD3d 1245 [3d Dept 2022]) and Matter of Rivera (Northeast Logistics, Inc.—Commissioner of Labor) (204 AD3d 1185 [3d Dept 2022]), where the finding of an employment relationship was upheld. That said, although there is evidence in the record that could support a contrary determination, in view of the evidence credited by the Board, substantial evidence supports the finding that an employment relationship exists (see Matter of Legros [Northeast Logistics, Inc.—Commissioner of Labor], 205 AD3d at 1247; Matter of Rivera [Northeast Logistics, Inc.—Commissioner of Labor], 204 AD3d at 1186-1187; see also Matter of Murray [TN Couriers LLC—Commissioner of Labor], 187 AD3d 1270, 1272 [3d Dept 2020]).
Garry, P.J., Reynolds Fitzgerald and Ceresia, JJ., concur.
Lynch, J. (dissenting).
I respectfully dissent. Like the claimant in Matter of Pasini (Northeast Logistics, Inc.—Commissioner of Labor) (204 AD3d 1187 [3d Dept 2022]), claimant was assigned to deliver auto parts for one of Northeast Logistics, Inc.'s clients. After that relationship ended, claimant applied for unemployment insurance benefits. Given the distinct similarity between the circumstances here and in Pasini, it is my view that the record lacks substantial evidence of the requisite control to establish an employer-employee relationship. The decisions of the Board should be reversed.
ORDERED that the decisions are affirmed, without costs.