Matter of Morales (Amazon Logistics, Inc.--Commissioner of Labor) (2023 NY Slip Op 02149)

Matter of Morales (Amazon Logistics, Inc.--Commissioner of Labor)

2023 NY Slip Op 02149

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

532653
[*1]In the Matter of the Claim of Nancy Morales, Respondent. Amazon Logistics, Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date:March 28, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Morgan, Lewis & Bockius LLP, New York City (Leni D. Battaglia of counsel), for appellant.
Bruce E. Knoll, Albany, for Nancy Morales, respondent.
Letitia James, Attorney General, New York City (Mary B. Hughes of counsel), for Commissioner of Labor, respondent.

Garry, P.J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed December 1, 2020, which ruled that Amazon Logistics, Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Amazon Logistics, Inc. (hereinafter ALI) is a subsidiary of Amazon.com (hereinafter Amazon) and it operates a digital platform and smartphone app, known as Amazon Flex, that schedules delivery drivers or couriers, known as delivery partners (hereinafter DPs), to pick up and deliver packages and/or food orders for customers of Amazon.com during established delivery blocks or timeframes. To provide these services, ALI retained claimant as a DP, and, following claimant's application for unemployment insurance benefits, claimant was found to be eligible for unemployment insurance benefits. The Unemployment Insurance Appeal Board ultimately determined that an employment relationship existed between claimant and ALI and that ALI was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated. ALI appeals.
We affirm. "Traditionally, the Board considers a number of factors in determining whether a worker is an employee or an independent contractor, examining all aspects of the arrangement. But the touchstone of the analysis is whether the employer exercised control over the results produced by the worker or the means used to achieve the results" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 137 [2020] [internal quotation marks, brackets and citations omitted]; see Matter of Relay Express Inc. [Commissioner of Labor], 204 AD3d 1265, 1266 [3d Dept 2022]).
In Matter of Khaychuk (Amazon Logistics, Inc.-Commissioner of Labor) (211 AD3d 1250 [3d Dept 2022]), this Court recently affirmed decisions of the Board finding that a claimant and those similarly situated who performed delivery services for ALI under contracts — which in all relevant respects are identical to claimant's contract and provision of services herein — were employees entitled to unemployment insurance benefits (id. at 1252-1253). Among other factors present in the record before us, "by providing the customers, assigning the deliveries, limiting the time frame for the deliveries and unilaterally setting the fees paid to the DPs, ALI exercised sufficient control over significant aspects of claimant's work in order to establish an employment relationship" (id. at 1253). Notwithstanding evidence in the record that could support a contrary conclusion, we find that the indicia of control here retained by ALI mirrors those in Matter of Khaychuk, and we therefore conclude that the Board's decisions ruling that claimant was an employee for purposes of unemployment insurance benefits, and that ALI was therefore liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated, are supported by substantial evidence (see Matter [*2]of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 137-140; Matter of Rivera [State Line Delivery Serv.-Roberts], 69 NY2d 679, 682 [1986], cert denied 481 US 1049 [1987]).
ALI also contends that claimant is ineligible for unemployment insurance benefits because she is, among other things, not totally unemployed (see Labor Law § 591 [1]). As this issue was found to be outside the scope of the administrative hearing and not ruled upon by the Board, it is not properly before this Court (see Matter of Lincoln [Holley Cent. School Dist.-Commissioner of Labor], 66 AD3d 1259, 1260 [3d Dept 2009]; Matter of Varrecchia [Wade Rusco, Inc.-Sweeney], 234 AD2d 826, 826-827 [3d Dept 1996]; cf. Matter of Khaychuk [Amazon Logistics, Inc.-Commissioner of Labor], 211 AD3d at 1253; Matter of Gill [Phoenix Energy Mgt. Inc.-Commissioner of Labor], 145 AD3d 1141, 1142 [3d Dept 2016], lv denied 29 NY3d 904 [2017]). To the extent that ALI asserts that the Board erred in holding that an employment relationship applies to all other DPs similarly situated, we find such contention to be without merit (see Labor Law § 620 [1] [b]; Matter of Perez [Columbus Mgt. Sys., Inc.-Commissioner of Labor], 211 AD3d 1261, 1262 [3d Dept 2022]; Matter of Mitchum [Medifleet, Inc.-Commissioner of Labor], 133 AD3d 1156, 1157 [2015]; Matter of Robinson [New York Times Newspaper Div. of N.Y. Times Co.-Hartnett], 168 AD2d 746, 747-748 [1990], lv denied 78 NY2d 853 [1991]). We have reviewed ALI's remaining contentions, including its claim that the Board's decisions are inconsistent with the Department of Labor guidelines, and find them to be unavailing.
Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the decisions are affirmed, without costs.