Matter of Ito (International Business Promotion, Inc.--Commissioner of Labor) (2025 NY Slip Op 00502)

Matter of Ito (International Business Promotion, Inc.--Commissioner of Labor)

2025 NY Slip Op 00502

Decided on January 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 30, 2025

CV-23-0429
[*1]In the Matter of the Claim of Eriko Ito, Respondent. International Business Promotion, Inc., Appellant, and NHK Cosmomedia America, Inc., Respondent. Commissioner of Labor, Respondent.

Calendar Date:January 8, 2025

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Milman Labuda Law Group PLLC, Lake Success (Netanel Newberger of counsel), for appellant.
David E. Woodin, Catskill, for Eriko Ito, respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York City (Ariadne Panagopoulou of counsel), for NHK Cosmomedia America, Inc., respondent.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.

Aarons, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 7, 2022, which ruled, among other things, that International Business Promotion, Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
International Business Promotion, Inc. (hereinafter IBP) is a recruiting and marketing business that primarily recruits individuals who are bilingual in English and Japanese and places them to work with IBP's client companies located in the United States. NHK Cosmomedia America, Inc., a long-term client of IBP, operates a television station in the United States and Canada that produces and broadcasts content in Japanese. Claimant, bilingual in English and Japanese, previously worked for an IBP client until the company closed, after IBP had reviewed her resume, interviewed her and referred her to its client. In 2017, when NHK advised IBP that it needed a part-time bilingual administrative assistant, IBP determined that claimant — who had asked IBP for part-time work — would meet NHK's staffing need. Upon NHK's approval, IBP offered claimant the position at a set hourly rate, which claimant accepted. NHK in turn initially paid IBP hourly for claimant's services. Claimant worked with NHK from January 2018 until September 2019. When claimant's employment was terminated, she filed a claim for unemployment insurance benefits. The Department of Labor issued initial determinations to IBP and NHK holding, as relevant here, that IBP is claimant's employer and is liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. Following an administrative hearing, an Administrative Law Judge (hereinafter ALJ) overruled the initial determinations and held that NHK was the true employer and was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.[FN1] The Unemployment Insurance Appeal Board sustained the initial determinations, holding that claimant was an employee of IBP, which was liable for unemployment insurance contributions on remuneration paid to claimant and any others similarly situated. IBP appeals.
We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Mena [Philips Bryant Park LLC-Commissioner of Labor], 224 AD3d 1069, 1070 [3d Dept 2024] [internal quotation marks and citations omitted]). "As such, if the evidence reasonably supports the Board's choice, [this Court] may not interpose our judgment to reach a contrary conclusion" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 136-137[*2][2020] [internal quotation marks, brackets and citations omitted]; accord Matter of McIntyre [Northeast Logistics, Inc.-Commissioner of Labor], 213 AD3d 1003, 1004 [3d Dept 2023]). "Traditionally, the Board considers a number of factors in determining whether a worker is an employee or an independent contractor, examining all aspects of the arrangement. But the touchstone of the analysis is whether the employer exercised control over the results produced by the worker or the means used to achieve the results. The doctrine is necessarily flexible because no enumerated list of factors can apply to every situation faced by a worker, and the relevant indicia of control will necessarily vary depending on the nature of the work" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 137 [internal quotation marks, brackets, footnotes and citations omitted]; accord Matter of Phillips [All Sys. Messenger & Trucking Corp.-Commissioner of Labor], 217 AD3d 1014, 1015 [3d Dept 2023]).
The record reflects that IBP, having previously recruited, interviewed and screened claimant, hired her and placed her in a position with NHK, its client, after determining that claimant was qualified and could satisfy NHK's staffing needs, with NHK's approval; IBP set both the rate it paid to claimant for her services, and the higher rate NHK paid IBP for claimant's services, the difference representing IBP's profit. The staffing agreements entered into between IBP and NHK set forth IBP's obligation to find, screen and refer personnel to NHK and the expected duties, hours and skills of the position; restricted where claimant could work; prohibited work travel and work in certain states; and precluded NHK from hiring claimant during her assignment and for three years thereafter. IBP paid claimant directly, upon receipt of timesheets on its letterhead completed by claimant and signed by an NHK officer to verify her work hours, and the Board credited claimant's testimony that IBP set her rate of pay and overtime pay rate, which was specified in IBP's agreements with both NHK and claimant. IBP, not NHK, entered into successive written agreements with claimant that specified and restricted her work duties, worksite, schedule and pay, and imposed a nondisclosure obligation, similar to the provisions in the staffing agreements. That the agreements with claimant denominated her an independent contractor is "not dispositive" (Matter of Baez [PD 10276, Inc.-Commissioner of Labor], 143 AD3d 1190, 1192 [3d Dept 2016]). While claimant worked at NHK's office and was supervised by NHK staff at that location, the Board emphasized that IBP handled complaints from claimant regarding working conditions, vacation and early departure requests and problems at NHK. IBP addressed matters with claimant when NHK staff expressed dissatisfaction with her work hours and schedule, necessarily engaging in an evaluation and supervision of claimant's work performance. Significantly, IBP did not condition [*3]payment to claimant on payment by NHK and, to that end, IBP continued to pay claimant for her services to NHK for months despite NHK's nonpayment to IBP for her services.
Under settled principles, "[a]n organization which screens the services of professionals, pays them at a set rate and then offers their services to clients exercises sufficient control to create an employment relationship" (Matter of Gisser [iTutor.com, Inc.-Commissioner of Labor], 211 AD3d 1258, 1259 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 1128 [2023]; accord Matter of Patsis [Geneva Worldwide Inc.-Commissioner of Labor], 204 AD3d 1278, 1279 [3d Dept 2022], lv dismissed 39 NY3d 972 [2022]; Matter of Bin Yuan [Legal Interp. Servs.-Commissioner of Labor], 140 AD3d 1550, 1551 [3d Dept 2016], lv denied 29 NY3d 968 [2017]). While no factor is determinative (see Matter of Mena [Philips Bryant Park LLC-Commissioner of Labor], 224 AD3d at 1070), the Board properly concluded that, even though IBP did not directly supervise claimant's daily activities, it exercised or reserved the right to exercise supervision, direction and control over claimant's services by, among other conduct, screening and hiring claimant, setting her pay rate, paying her directly, specifying and restricting claimant's job duties and handling complaints from claimant and NHK. Contrary to IBP's arguments disputing the Board's factfinding, "issues of witness credibility, the evaluation of evidence and the inferences to be drawn therefrom are within the exclusive province of the Board" (Matter of Carmody [Commissioner of Labor], 228 AD3d 1203, 1205 [3d Dept 2024] [internal quotation marks, brackets and citations omitted], lv granted ___ NY3d ___ [Jan. 9, 2025]), and the Board's factual findings are supported by the record and reasonable inferences therefrom.[FN2]
Given the foregoing indicia of employment by IBP, we find that substantial evidence in the record supports the Board's factual finding that IBP exercised sufficient control over claimant's work duties and conditions to establish an employment relationship, which was more than incidental control, notwithstanding evidence in the record that would support a contrary conclusion (see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 136-138, 140; Matter of Phillips [All Sys. Messenger & Trucking Corp.-Commissioner of Labor], 217 AD3d at 1015-1016; Matter of Murray [TN Couriers LLC-Commissioner of Labor], 187 AD3d 1270, 1271-1272 [3d Dept 2020]; compare Matter of Cruz [Strikeforce Staffing LLC-Commissioner of Labor], 204 AD3d 1348, 1349-1351 [3d Dept 2022]; Matter of Desravines [Logic Corp.-Commissioner of Labor], 146 AD3d 1205, 1206-1207 [3d Dept 2017]). Finally, the Board's observation that its decision was consistent with the amendment to Labor Law § 512 (4) (see L 2019, ch 701, § 1), which went into effect after claimant's employment ended, was not the basis of the Board's decision. Accordingly, we decline [*4]to address it. IBP's remaining claims have been reviewed and found to be without merit.
Clark, J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The ALJ clarified that the hearing did not address the circumstances under which claimant's employment ended.

Footnote 2: NHK now argues that IBP is precluded from arguing before this Court that NHK was the employer, in that IBP had argued to the Board that claimant was an independent contractor and not an employee of NHK, as the ALJ had ruled. We disagree. IBP has consistently argued that claimant was an independent contractor and not an employee, and its alternative argument before the Board challenging the ALJ's finding that claimant was an employee of NHK does not preclude it from arguing before this Court that, if independent contractor status is rejected, the facts support NHK as the employer. Moreover, given that we find substantial evidence in the record to support the Board's determination that IBP is the employer of claimant and others similarly situated, IBP's arguments that the facts would support NHK as the employer are academic, as those arguments merely represent evidence that would support a contrary result (see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 136).