Matter of Paron (Bilingual Birdies LLC--Commissioner of Labor) (2026 NY Slip Op 00552)

Matter of Paron (Bilingual Birdies LLC--Commissioner of Labor)

2026 NY Slip Op 00552

Decided on February 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 5, 2026

CV-24-1205
[*1]In the Matter of the Claim of Daphne Paron, Respondent. Bilingual Birdies LLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 12, 2026

Before:Garry, P.J., Clark, Pritzker, Powers and Corcoran, JJ.

Drohan Lee LLP, New York City (Vivian R. Drohan of counsel), for appellant.
David E. Woodin, Catskill, for Daphne Paron, respondent.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for Commissioner of Labor, respondent.

Garry, P.J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 20, 2023, which ruled that Bilingual Birdies LLC was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Bilingual Birdies LLC (hereinafter BB) provides foreign language instruction to preschool children through music, movement and puppetry via a database of trained instructors. Claimant entered into an agreement with BB in January 2019 to be a French language instructor. After claimant stopped being an instructor in August 2019, she applied for unemployment insurance benefits. The Department of Labor issued an initial determination finding that claimant was an employee of BB for purposes of unemployment insurance benefits and that BB was responsible for unemployment insurance contributions on remuneration paid to claimant and others similarly situated, effective the first quarter of 2019. BB objected, and, following a hearing, an Administrative Law Judge sustained the Department's determination. Upon administrative appeal, the Unemployment Insurance Appeal Board affirmed, and BB appeals.
We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Perez [Columbus Mgt. Sys., Inc.-Commissioner of Labor], 211 AD3d 1261, 1261 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Gisser [iTutor.com, Inc.-Commissioner of Labor], 211 AD3d 1258, 1258 [3d Dept 2022], lv dismissed 39 NY3d 1128 [2023]). "Substantial evidence is a minimal standard requiring less than a preponderance of the evidence. As such, if the evidence reasonably supports the Board's choice, we may not interpose our judgment to reach a contrary conclusion" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 136-137 [2020] [internal quotation marks, brackets and citations omitted]; accord Matter of McIntyre [Northeast Logistics, Inc.-Commissioner of Labor], 213 AD3d 1003, 1004 [3d Dept 2023]). "Additionally, the evaluation of evidence and the inferences to be drawn therefrom are within the exclusive province of the Board, and the Board is the final arbiter of witness credibility" (Matter of Hosang [Crystal Cargo Inc.-Commissioner of Labor], 202 AD3d 1241, 1242 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Ito [International Business Promotion, Inc.-Commissioner of Labor], 234 AD3d 1215, 1218 [3d Dept 2025]). " '[W]here, as here, the services of teaching professionals are involved, the pertinent inquiry is whether the purported employer retains overall control of important aspects of the services performed' " (Matter of Pearson [Town Hall Found[*2]., Inc.-Commissioner of Labor], 167 AD3d 1178, 1179 [3d Dept 2018], quoting Matter of Strauss [RMC Research Corp.-Commissioner of Labor], 135 AD3d 1268, 1269 [3d Dept 2016]).
The record establishes that claimant responded to an advertisement for instructors posted by BB on Craigslist by submitting a resume. BB then conducted an interview with claimant, and the parties entered a written agreement that included claimant's rate of pay, as well as nonsolicitation and noncompete clauses. Claimant received paid training regarding BB's "best practices," including videos on how to teach, and she was provided BB's curriculum that she was required to learn and apply in the classroom. BB also provided claimant with audio files, songs and lyrics, as well as a puppet and other props to use as part of the lessons. Claimant was required to learn the songs and teach a mock class where she was given feedback from BB representatives and fellow instructors prior to conducting a class on her own. Once hired, instructors would provide their instruction at schools that contracted with BB. On one occasion, BB sent a representative to claimant's classroom to observe her methods. BB would email the instructors at an email address provided by BB with offers to teach that would include the school, the address where to report, who to contact at the school, the weekly schedule and the rate of pay. The instructors were then free to accept or reject the offers and could negotiate for a higher rate of pay. Claimant was required to report her hours worked on a Google spreadsheet in order to get paid. BB would bill the school based on the hours reported but would pay the instructors even if the school had not paid BB. Despite evidence that could support a contrary result, the foregoing constitutes substantial evidence supporting the Board's decision that BB "exercised overall control over important aspects of the services performed by . . . claimant" sufficient to establish an employment relationship (see Matter of Colon [Geneva Worldwide Inc.-Commissioner of Labor], 222 AD3d 1141, 1143 [3d Dept 2023], lv dismissed 42 NY3d 966 [2024]; Matter of Pearson [Town Hall Found., Inc.-Commissioner of Labor], 167 AD3d at 1179; Matter of Piano School of N.Y. City [Commissioner of Labor], 71 AD3d 1358, 1359 [3d Dept 2010]).
Clark, Pritzker, Powers and Corcoran, JJ., concur.
ORDERED that the decision is affirmed, without costs.